# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Allstate Insurance, Does 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Sharmin Qureshi, Tobiit Inc.

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*
E-FILED
8/13/2018 4:08 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV333259
Reviewed By: A. Hwang
Envelope: 1829757

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Clara
191 N. First Street, San Jose, CA 95113

**CASE NUMBER:** *(Número del Caso):* 18CV333259

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Philip D Minter, Law Office of Philip D Minter     Telephone 707 525 1834
2500 Vallejo Street, Suite 201, Santa Rosa, CA 95405

DATE: *(Fecha)* 8/13/2018 4:08 PM   Clerk of Court     Clerk, by *(Secretario)* A. Hwang     , Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.JunSearch.com

E-FILED
8/13/2018 4:08 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV333259
Reviewed By: A. Hwang

Philip D. Minter S.B. 57828
Law Offices of Philip D Minter
2500 Valllejo Street, Suite 201
Santa Rosa, California 95405
Telephone: (707) 525 1834
philip_minter@hotmail.com
Attorneys For Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| Sharmin Qureshi, Tobiit Inc. A California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>Allstate Insurance<br>Does 1 through 10, inclusive<br><br>Defendants  / | Case No.: 18CV333259<br><br>COMPLAINT FOR DAMAGES, BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>Amount demanded exceeds $10,000 |

Come now Plaintiffs Sharmin Qureshi and Tobiit, Inc. a California Corporation and for their Complaint against Defendants, and each of them, on information and belief, allege as follows:

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as does 1 through 10, Inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names, relationships and capacities of said fictitiously named defendants to each other and to the events, happenings, and damages herein alleged when ascertained. Each of said fictitiously named defendants is legally responsible in some. manner. under theories of negligence, dangerous condition of property. promissory estoppel, strict liability, joint venture,. alter ego, breach of warranty. breach. of contract, defective product, misrepresentation, fraud, libel, slander, market share liability, civil conspiracy, peculiar risk, non delegable duty, failure to warn, constructive trust, conversion., or other theories for the occurrences, events, happenings. injuries and damages herein

alleged. Wherever and whenever any allegations are made herein against any named defendant or fictitiously named defendant, said allegations are hereby made against each and every fictitiously named defendant.

2. At all times herein mentioned defendants Allstate Insurance, Does, 1-10, inclusive, and each of them, were the partners, joint venturers. agents, alter egos, co-conspirators, servants and/or employees of each of their remaining co-defendants, and in doing the things herein alleged, were acting with the permission and consent, either express or implied, of each of their remaining co-defendants, and/or within the purpose, course and/or scope of such agency, employment, joint venture and/or partnership. After knowledge of the events and happenings herein alleged, defendants and each of them, ratified and/or otherwise approved of the actions, conduct and participation in said events and happenings of and by their said remaining co-defendants.

3.   Defendant Allstate Insurance, is and at all times relevant herein was, was, a corporation doing business in the State of California and authorized by the California Insurance Commissioner to transact, and transacting, business in this state as a property and casualty insurer.

## FIRST CAUSE OF ACTION

(Breach of Contract Against All Defendants)

4. Within four years last past, in consideration of the payment of a premium made by Plaintiffs, and each of them, defendants, Allstate Insurance, Does 1 through 10, and each of them, by its/their duly authorized agents, executed and delivered to Plaintiffs in San Jose, California, its policy of insurance bearing number 648180603, hereinafter referred to as "the policy" in and by which defendant undertook to and did insure Plaintiffs against loss by theft. The policy thereon took effect and was in full force and effect all times relevant herein including but not limited to the date of the burglary herein after described. The policy provided that Defendants and each of them would pay Plaintiffs and each of them for loss of personal property, and other losses including loss of income, caused by theft.

5.   Plaintiffs have performed all conditions, covenants, and promises under the contract, on their part to be performed including but not limited to paying the premiums for the policy.

6.   On or about February 6, 2016, while the policy was in full force and effect, Plaintiff's, who operated a medical practice, suffered a loss of computers, servers, files, prescription pads, sunglasses,

1 | medical equipment, including Cynosure Sculpsure USB keys, smart phones, Office Television, Cisco
2 | IP phones, bank checks, as well as additional miscellaneous personal property, and business information
3 | such as client's lists including client contact information, necessary to run the Plaintiff's business due
4 | to the office of Plaintiff's medical practice located at 2040 Forest Avenue Suite 1a, San Jose CA 95128
5 | being burglarized. Plaintiff's theft loss covered by the insurance policy amounted to at least $85,000.00.
6 | Plaintiffs promptly reported the burglary to Defendants, and each of them and provided to Defendants
7 | such documentation and information regarding the burglary and the property which had been taken or
8 | damaged as was available.
9 | 7. Thereafter and on or about March 10, 2017, at the request of Defendants, and each of them, and in
10 | accordance with the terms of the insurance policy, Plaintiffs submitted a proof of loss for the property
11 | lost in the theft.
12 | 8. Plaintiffs have performed all conditions of the policy required to be performed on their part to be
13 | performed.
14 | 9.   Despite Plaintiffs' repeated demands that the claims be paid, defendants and each of them, have
15 | refused to and continue to refuse to pay benefits under the terms of the theft insurance policy excepting
16 | only a portion of the benefits due under the theft insurance policy, but wrongfully refused and continues
17 | to refuse to pay the additional amount of Plaintiffs claims in accordance with the terms of the policy.
18 | 10.   The policy in question contained a condition pursuant to which Plaintiffs' rights to bring this action
19 | expired after the passage of two years. During negotiations with Defendants an agreement was reached
20 | whereby said condition and time frame was tolled while negotiations proceeded and until such time as
21 | one of the parties gave notice of a termination of said tolling. At that time the tolling agreement provided
22 | that the parties had five days from the giving of said notice to bring suit. This action has been brought
23 | within said five day period.
24 | 11.   As a result of Defendants' breaches of the Contract, and each of said breaches, Plaintiffs have been
25 | damaged in the sum of at least Eighty Five Thousand ($85,000) dollars.

SECOND CAUSE OF ACTION

Breach of the Implied Covenant of Good Faith and Fair Dealing Against All Defendants

28 | 12. Plaintiff hereby refers to the allegations set forth in Paragraphs 1 through 11 of this Complaint and

by said reference incorporates the same as though fully set forth herein.

13. With regard to the partial payments which Defendants paid, said payments were wrongfully delayed by Defendants and Defendants still wrongfully refuse to pay the additions amounts owed under the terms of the policy.

14. Defendants breached the implied covenant of good faith and fair dealing under the policy by the following acts and failures to act:

    A. By unreasonably denying portions of Plaintiff's claim without a reasonable basis for doing so;

    B. By failing to promptly investigate Plaintiffs' claims without proper cause;

    C. By failing to pay portions of Plaintiffs' claims without a reasonable basis for such conduct and with knowledge of the lack of a reasonable basis for such conduct;

    D. By unreasonably failing to pay for certain personal property which was stolen and demanding documentary proof of the ownership of that personal property when said Defendants knew or reasonably should have known that such documentary evidence or ownership would not normally exist;

    E. By unreasonably failing to conduct any investigation of the costs and use of certain medical equipment which was stolen and which was necessary for Plaintiffs to conduct a large part of their business.

    F. By unreasonably and wrongfully using the personal income of one of the Plaintiffs to claim that the income lost by the other Plaintiff because of the burglary did not occur.

15. As a result of Defendants' breaches of the implied covenant of good faith and fair dealing Contract, and each of said breaches, Plaintiffs have been damaged in the sum of at least Eighty Five Thousand ($85,000) dollars.

16. As a further proximate result of Defendants' breach of its duty of good faith and fair dealing, Plaintiff Sharmin Qureshi has sustained severe emotional and mental distress and anguish, to her general damage in a sum which is presently unknown but which will be inserted herein when ascertained or determined by the evidence shown at time of trial.

///////

///////

4

WHEREFORE Plaintiffs pray judgment against Defendants, and each of them, as follows:

## FIRST CAUSE OF ACTION

1. For compensatory damages in the amount of $85,000.00;
2. For interest on the amount of $85,000.00 from May 6, 2016;
3. For costs of suit incurred herein; and
4. For such other and further relief as the court may deem just and proper.

## SECOND CAUSE OF ACTION

1. For compensatory damages in the amount of $85,000.00;
2. For interest on the amount of $85,000.00 from May 6, 2016;
3. For costs of suit incurred herein; and
4. For general damages for Plaintiff Sharmin Qureshi according to proof at time of trial; and
5. For such other and further relief as the court may deem appropriate.

Dated: August 13, 2018

Law Offices of Philip D. Minter
Attorney for Plaintiffs

By: _____
Philip D. Minter

A. Hwang

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: 18CV333259

## PLEASE READ THIS ENTIRE FORM

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**
1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone - see Local Civil Rule 8.*

Your Case Management Judge is: **Zayner, Theodore C**    Department: **6**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
    Date: **11/27/18**    Time: **3:45 PM**    in Department: **6**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
    Date:    Time:    in Department:

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CV-5012 REV 08/01/16    **CIVIL LAWSUIT NOTICE**    Page 1 of 1

CEB Essential Forms
ceb.com

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

## What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among other forms.

## What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.
- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

## What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in which the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### What kind of disputes can be resolved by ADR?

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?

**Contact:**
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

CV-5003 REV 6/26/13



**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

Page 2 of 2

JEFFRY BUTLER (State Bar No. 180936)
ERICA L. WILLIAMS (State Bar No. 307267)
DENTONS US LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, California  94105
Telephone:	(415) 267-4000
Facsimile:	(415) 267 4198

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY
(incorrectly sued as "Allstate Insurance")

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| SHARMIN QURESHI, TOBIIT INC. A California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE, DOES 1 through 10, inclusive,<br><br>Defendants. | No. 18CV333259<br><br>**ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT** |

Allstate Insurance Company hereby answers plaintiffs' unverified complaint (the "Complaint") as follows:

## **GENERAL DENIAL**

Allstate generally denies each and every material allegation in the Complaint pursuant to Code of Civil Procedure 431.30(d).  Allstate further denies plaintiffs sustained any injuries, damages, or losses by reason of any conduct, action, error, or omission on Allstate's part.

Allstate answer without prejudice to its right to file a further amended answer or other response, including cross-complaints, after conducting discovery.

## AFFIRMATIVE DEFENSES

(Applicable to All Causes of Action)

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

The Complaint, and each purported cause of action in the Complaint, fails to state facts sufficient to constitute a cause of action against Allstate.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

**(Laches)**

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

**(Fault of Others)**

Plaintiffs' damages, if any, the fact and extent of which Allstate denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than Allstate, for which Allstate is not

responsible. Such intentional conduct, negligence, or fault bars recovery against Allstate and/or comparatively reduces Allstate's percentage of fault or negligence, if any.

### SEVENTH AFFIRMATIVE DEFENSE

**(Consent and/or Authorization of Plaintiffs)**

Plaintiffs consented to and/or authorized all conduct and/or omissions of Allstate alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

**(Active Fault of Plaintiffs)**

The Complaint, and each purported cause of action in the Complaint, is barred by plaintiffs' active fault.

### NINTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

The Complaint, and each purported cause of action in the Complaint, is barred and/or plaintiffs' recovery is reduced because plaintiffs' alleged damages resulted from the comparative fault of plaintiffs and/or other third parties, whether named or unnamed.

### TENTH AFFIRMATIVE DEFENSE

**(Mitigation of Damages)**

To the extent plaintiffs failed to mitigate, minimize, or avoid any damages allegedly suffered, plaintiffs' recovery against Allstate, if any, must be reduced by that amount.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

Plaintiffs knew, or in the exercise of reasonable care should have known, the risks of the matters alleged in the Complaint. Plaintiffs knowingly and voluntarily assumed and accepted such risks, and any damages allegedly caused by Allstate's conduct, if any, were the proximate result of plaintiffs' assumption and acceptance of such risks.

### TWELFTH AFFIRMATIVE DEFENSE

**(No Causation)**

Plaintiffs are entitled to no relief from Allstate because plaintiffs sustained no injury,

damage, or loss by reason of any conduct, act, error, or omission on Allstate's part.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

Allstate's alleged acts, conduct, and/or omissions were lawful, privileged, and/or justified.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Intervening Cause)**

Plaintiffs' damages, if any, the fact and extent of which Allstate denies, were proximately caused by independent, intervening, superseding, and/or supervening acts, for which Allstate has no liability.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Incapacity To Sue)**

Plaintiff Tobiit Inc. is a suspended corporation and therefore lacks capacity to sue.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of accord and satisfaction.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Ratification of Conduct)**

With full knowledge of all facts in any way connected with or relating to the matters alleged in the Complaint, plaintiffs duly ratified, acquiesced, and/or confirmed in all respects the conduct and/or omissions of Allstate alleged in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Indemnification from Responsible Parties)**

To the extent Allstate is liable, if at all, for any of plaintiffs damages, if any, the fact and extent of which Allstate denies, Allstate is entitled to indemnification, contribution, and/or equitable apportionment for such damages by all other third parties, whether named or unnamed, responsible for plaintiffs' damages.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Obligations Limited to Policy Terms)**

Allstate's obligations, if any, to plaintiffs are governed and limited by the terms, definitions, exclusions, conditions, and limitations contained in the applicable policy and endorsements (the "Policy").

### TWENTIETH AFFIRMATIVE DEFENSE

**(Policy Limits)**

The Policy provides coverage, if at all, only to the extent of the limits of liability listed on the declaration page and/or otherwise contained in the Policy form and endorsements.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(No Coverage for Claimed Losses)**

The Complaint, and each purported cause of action in the Complaint, is barred to the extent it seeks payment, reimbursement, contribution, and/or indemnification for, or is based on, a loss the Policy does not cover and/or is excluded from coverage under the Policy's terms, exclusions, conditions, and limitations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Plaintiffs' Failure to Comply With Policy Terms)**

Plaintiffs failed to satisfy the terms and/or conditions of the Policy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Allstate's Compliance With Policy Terms)**

Allstate fully performed all obligations, both express and implied, owed to plaintiffs under the Policy and applicable law.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

**(Absence of Payment Obligation)**

The Complaint, and each purported cause of action in the Complaint, is barred to the extent plaintiffs are not named insureds, insureds, or beneficiaries under the Policy, or otherwise are not entitled to payment under the Policy.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Contractual Limitations)**

The Complaint, and each purported cause of action in the Complaint, is barred to the extent no action was brought within the applicable period after the direct physical loss or damage, as the Policy requires.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Plaintiffs' Claims Raised Genuine Issues)**

Plaintiffs should take nothing pursuant to the Complaint because plaintiffs' claims raised genuine issues and/or disputes as to Allstate's duties, if any, under the Policy, and Allstate reasonably believed in the validity of these issues and/or disputes.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Good Faith of Allstate)**

Allstate's conduct was reasonable and in good faith, hence not tortious.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Speculative Nature of Damages)**

Plaintiffs are not entitled to recover a monetary judgment because plaintiffs' damage claims are speculative.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Statutes of Limitations)**

The Complaint, and each purported cause of action in the Complaint, is barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340, and 343.

## THIRTIETH AFFIRMATIVE DEFENSE

**(No Entitlement to Attorneys' Fees)**

Plaintiffs have no basis to recover attorneys' fees from Allstate.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Right To Assert Additional Defenses)**

Allstate reserves the right to amend this answer and to assert any additional defenses in

the future after conducting discovery

**WHEREFORE**, Allstate prays for judgment as follows:

1. That plaintiffs take nothing by way of their Complaint and that the Complaint be dismissed with prejudice;

2. That judgment be entered in Allstate's favor;

3. That Allstate be awarded costs and attorneys' fees incurred in this action; and

4. For such other and further relief as this Court deems just and proper.

Dated: December 3, 2018      DENTONS US LLP

By: _____
ERICA L. WILLIAMS

ATTORNEYS FOR DEFENDANT
ALLSTATE INSURANCE COMPANY

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1999 Harrison Street, Suite 1300, Oakland, California 94612. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On December 3, 2018, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s): ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT in a sealed envelope, postage fully paid, addressed as follows:

ATTORNEYS FOR PLAINTIFF
SHARMIN QURESHI, TOBIIT, INC

Philip D. Minter (SB #57828)
Law Offices of Philip d. Minter
2500 Vallejo Street, Suite 201
Santa Rosa, CA 95405
Telephone: 707.525.1834
Email: philip_minter@hotmail.com

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 3, 2018, at Oakland, California.

*/s/ Adrienne Hankins*
Adrienne Hankins

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

PROOF OF SERVICE